(Del. Rev. 12/98)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Chevelle A. Cotton

_____
(Name of Plaintiff or Plaintiffs)

v.

① State of Delaware, Dept of
Services, for Children, Youth, and families

(Name of Defendant or Defendants)

② Ms. Karyle Alessi, State of Delaware Dept of services for children Youth, and families
(Court Appointed Attorney)

CIVIL ACTION No. 1:05-CV-

05-335

2005 MAY 26 PH 1:43
FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### COMPLAINT UNDER TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964

1.    This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.    Plaintiff resides at 232 West Darby Circle
(Street Address)

Dover Kent DE      19904
(City)   (County)   (State)   (Zip Code)

302-359-0417
(Area Code) (Phone Number)

**Both**    Defendant resides at, or its business is located at 1825 Faulkland Rd.
(Street Address)

Wilmington New Castle DE    19805
(City)   (County)   (State)   (Zip Code)

4.    The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's State of Del. Children, Youth, and Families place of business
(Defendant's Name)

located at 821 Silverlake Blvd, Suite 100
(Street Address)

Dover    Kent    DE    19904
(City)   (County)   (State)   (Zip Code)

5.    The alleged discriminatory acts occurred on ___23___ , ___July___ , ___2003___ .
                                                   (Day)       (Month)     (Year)

6.    The alleged discriminatory practice ⊙ is  ☒ is not continuing.

7.    Plaintiff filed charges with the Department of Labor of the State of Delaware.

Office of Labor Law   24 N.W. Front Street, Suite 100
(Agency)        (Street Address)        (City)
Milford   Kent   DE   19963 _____ , regarding
(County)   (State)   (Zip Code)

defendant's alleged discriminatory conduct on ___6___ , ___MAY___ , ___04___ .
                                                           (Day)    (Month)    (Year)

8.    Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: ___6___ , ___May___ , ___04___ .
                                                                                (Day)    (Month)    (Year)

9.    The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: ___25___ , ___April___ , ___2005___ .
                                                            (Day)    (Month)    (Year)

### *(NOTE:  ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)*

10.    The alleged discriminatory acts, in this suit, concern:

    A.    ⊙ Failure to employ plaintiff.

    B.    ☒ Termination of plaintiff's employment.

    C.    ⊙ Failure to promote plaintiff.

    D.    ⊙ Other acts (please specify below)

_____

_____

_____

_____

_____

_____

11.  Defendant's conduct is discriminatory with respect to the following:

   A.  ⊘  Plaintiff's race

   B.  ⊘  Plaintiff's color

   C.  ⊘  Plaintiff's sex

   D.  ⊘  Plaintiff's religion

   E.  ⊘  Plaintiff's national origin

12.  A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.  If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 Civil Rights Act, as amended.

14.  Plaintiff's has no adequate remedy at law to redress the wrongs described above.

**THEREFORE,  Plaintiff prays as follows: (Check appropriate letter(s))**

   A.  ⊘  That all fees, cost or security attendant to this litigation be hereby waived.

   B.  ⊘  That the Court appoint legal counsel.

   C.  ⊘  That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  5/26/05

_(Signature of Plaintiff)_

_(Signature of additional Plaintiff)_

*Rec'd on April 25 2005*

*Very important*

*90 Days are up on June 1, 2005*

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5061 3068

950 Pennsylvania Avenue, N W
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

Ms. Chevelle Cotton
P.O. Box 1112
Dover, DE 19903

February 25, 2005

*Need 3*

Re: EEOC Charge Against State of Delaware, Dept. of Serv. for Children, Youth and Their Families
    No. 17C200400434

Dear Ms. Cotton:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                          Sincerely,                    0 5 - 8 3 5

                       R. Alexander Acosta
                     Assistant Attorney General
                        Civil Rights Division

               by    Karen L. Ferguson

                       Karen L. Ferguson
                       Civil Rights Analyst
                   Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     State of Delaware, Dept. of Serv. for Children, Youth and Their Fa

2005 MAY 26  PH 1: 17

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE